**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Carmela Ramos,<br><br>                                        **Plaintiff,**<br><br>                        -against-<br><br>Sabor Tropical Restaurant Corp., et al.<br><br>                                        **Defendants.** | **1:25-cv-05075 (JLR) (SDA)**<br><br>**REPORT AND RECOMMENDATION** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE JENNIFER L. ROCHON, UNITED STATES DISTRICT JUDGE:**

Before the Court is a motion by Plaintiff Carmela Ramos ("Plaintiff" or "Ramos") seeking a default judgment against Defendants Sabor Tropical Restaurant Corp. ("Sabor"), Jose Ventura ("Ventura") and Beanelba Austate ("Austate") (collectively, the "Defendants"). (*See* Pl.'s 12/9/25 Not of Mot., ECF No. 29.) For the reasons set forth herein, it is respectfully recommended that Plaintiff's motion be GRANTED IN PART and DENIED IN PART, and that judgment be entered as set forth in the Conclusion below.

**BACKGROUND FACTS**[1]

Sabor operated a restaurant at 143 Sherman Avenue in New York City. (*See* Compl., ECF No. 1, ¶¶ 5-7.) Ventura and Austate were owners of Sabor, supervised employees of Sabor and controlled the terms and conditions of the employees' work. (*See id*. ¶¶ 8-27.)

Ramos worked as a waitress at Sabor during the period June 2019 through November 2024. (*See* Compl. ¶¶ 4, 36.) During the period that Ramos worked for Sabor, Sabor had 9 or 10

---

[1] In light of Defendants' default, the Court is required to accept all of Plaintiff's allegations as true, except for those pertaining to damages. *See, e.g., Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009).

employees. (Ramos Decl., ECF No. 29-3, ¶ 13.) From June 2019 through February 2020, Ramos worked seven days per week from 3:00 p.m. to midnight. (Compl. ¶ 38.) The restaurant was closed from March 2020 until June 2020 due to COVID-19 restrictions. (*Id*. ¶ 39.) Thereafter, until November 2024, Ramos worked six days per week from on or about 3:00 p.m. to 11:00 p.m. (*Id*. ¶ 40.) During her period of employment with Defendants, Ramos was paid $380.00 per week. (*Id*. ¶ 41.)

Throughout Ramos' employment with Defendants, Defendants knowingly and willfully failed to pay Ramos her lawfully earned minimum wages and overtime compensation in contravention of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (*Id*. ¶¶ 42-43, 50-51, 54-57, 60-64, 67-69, 72-75.) Defendants also failed to provide Plaintiffs with wage statements and wage notices. (*Id*. ¶¶ 76, 78, 81.)

## RELEVANT PROCEDURAL HISTORY

On June 17, 2025, Plaintiff filed this wage-and-hour action against Defendants asserting claims under the FLSA and the NYLL for unpaid overtime wages under the FLSA (First Cause of Action); for unpaid overtime wages under the NYLL (Second Cause of Action); unpaid minimum wages under the FLSA (Third Cause of Action); for unpaid minimum wages under the NYLL (Fourth Cause of Action); for violation of the notice and recordkeeping requirements of the NYLL (Fifth Cause of Action); and for failure to provide wage statements under the NYLL (Sixth Cause of Action). (Compl., ECF No. 1, ¶¶ 52-82.) Defendants failed to timely respond to the Complaint and District Judge Rochon, as a courtesy, granted several extensions of time for them to respond,[2]

---

[2] *See* Orders, ECF Nos. 6-11, 13-14.

but they failed to do so. On November 3, 2025, Clerk's Certificates of Default were issued against each of the Defendants. (*See* Default Certs., ECF Nos. 23-25.)

On December 9, 2025, Plaintiff filed the motion for default judgment that currently is before the Court. (*See* Pl.'s 12/9/25 Not of Mot.) Judge Rochon scheduled a default judgment hearing for January 14, 2026 (*see* 12/10/25 Order, ECF No. 30) that later was adjourned at the request of Plaintiff's counsel. (See 1/12/26 Order, ECF No. 33.) On January 12, 2026, the default judgment was referred to the undersigned for a report and recommendation. (Order of Ref., ECF No. 34.)

By letter dated January 21, 2026, Plaintiff indicated her desire for the Court to conduct the required damages inquest solely on written submissions. (*See* Pl.s' 1/21/26 Ltr., ECF No. 36.) On January 22, 2026, the Court entered an Order providing that, if any Defendant sought an evidentiary hearing, a letter was required to be filed no later than February 8, 2026 setting forth the reason(s) why the inquest should not be conducted based upon the written submissions alone. (*See* 1/22/26 Order, ECF No. 36.) On January 27, 2026, the Court's January 22 Order was served by Plaintiff upon Defendants. (1/27/26 Aff. of Service, ECF No. 37.) Defendants failed to file any letter in response to the January 22 Order.

On March 9, 2026, the Court entered an Order requiring Plaintiff's counsel to file a copy of the engagement letter that he entered into with Plaintiff. (3/9/26 Order, ECF No. 38.) On March 13, 2026, Plaintiff's counsel filed the engagement letter. (*See* Engagement Ltr., ECF No. 39.)

## LEGAL STANDARDS FOR DEFAULT JUDGMENT

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Hernandez Gomez v. 4 Runners, Inc.*, 769 F. App'x 1, 2 (2d Cir. 2019) (summary order) ("Although a default judgment establishes legal liability, courts must still ascertain the amount of damages with reasonable certainty, accepting as true all factual allegations in the complaint except those relating to damages[.]" (internal citations and quotations omitted)). The plaintiff bears the burden of establishing his entitlement to recovery and thus must substantiate his claims with evidence to prove the extent of his damages "in which the defendant has the opportunity to contest the amount." *See Greyhound Exhibitgroup*, 973 F.2d at 158.

Although the Court may hold a hearing to assess damages, a hearing is not required when a sufficient basis on which to make a calculation exists. *See* Fed. R. Civ. P. 55(b)(2); *see also Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC,* 779 F.3d 182, 189 (2d Cir. 2015). Indeed, the Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "as long as [the Court] ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citation omitted). Here, the Court relies on Plaintiffs' submissions, which contain a sufficient evidentiary basis to determine Plaintiff's damages. (*See* Cabrera Aff., ECF No. 29-2; Ramos Decl.)

An employee seeking to recover unpaid wages has the burden of proving that he performed work for which he was not properly compensated. *See Angamarca v. Pita Grill 7 Inc.*,

4

No. 11-CV-07777 (JGK) (JLC), 2012 WL 3578781, at \*3 (S.D.N.Y. Aug. 2, 2012). An employer is required to maintain "records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him . . . ." 29 U.S.C. § 211(c); *see also* 12 N.Y. Compilation Codes R. & Regs. ("N.Y.C.R.R.") § 146-2.1. Absent such documentation, an employee may establish his right by relying on "'estimates based on [his] own recollection'" alone. *See Ramirez v. Urion Constr. LLC*, 674 F. Supp. 3d 42, 49 (S.D.N.Y. 2023) (quoting *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011)). An affidavit or declaration that sets forth the number of hours worked is sufficient. *See Angamarca*, 2012 WL 3578781, at \*3.

Once an employee has presented his evidence, an employer then may "come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Angamarca*, 2012 WL 3578781, at \*4 (internal citations and quotations omitted). "If the employer fails to do so, the court may enter judgment in the employee's favor, using her recollection to determine damages, even though the result be only approximate." *Id.* (internal citations and quotations omitted).

Having reviewed Plaintiffs' submissions, and because Defendants have defaulted, Plaintiff's representations as to the dates and hours she worked will be credited and her damages will be calculated on that basis.

## DISCUSSION

Based upon the well-pled allegations of the Complaint, Defendants, as Plaintiffs' employers, are liable for the unpaid wages and other amounts due to Plaintiffs under the FLSA and the NYLL. (*See* Pl.'s 12/9/25 Mem., ECF No. 29-1, at 4-8.)

Turning to the issue of damages, Plaintiffs seeks compensatory damages for unpaid minimum wages; unpaid overtime compensation; liquidated damages; statutory damages pursuant to the New York State Wage Theft Prevention Act ("WTPA"); pre-judgment interest; post-judgment interest; and a statutory penalty if damages are not paid within ninety days.[3] (See Pl.'s 12/9/25 Mem. at 4-8; Proposed Form of Judg., Ex. F to Cabrera Aff., ECF No. 29-9.) These are considered in turn below.

## I.    Unpaid Minimum Wages And Overtime Compensation

### A.    Minimum Wages

Plaintiff seeks damages for unpaid minimum wages under the FLSA and NYLL. (Pl.'s 12/9/25 Mem. at 4-5.) Both federal and state law require employers to pay employees at least a minimum hourly rate for every hour they work. *See* 29 U.S.C. § 206(a); 12 N.Y.C.R.R. § 146-1.2. "The FLSA and the NYLL both 'guarantee . . . compensation for all work [and that] . . . an employee must be paid at least minimum wage.'" *Zhang v. Great Sichuan on 3rd Ave. Inc.*, No. 15-CV-04558 (JGK) (JW), 2024 WL 1159002, at *2 (S.D.N.Y. Feb. 2, 2024) (quoting *Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442, 472 (S.D.N.Y. 2015)) (additional citations omitted), *report & recommendation adopted*, 2024 WL 1158451 (S.D.N.Y. Mar. 15, 2024). A plaintiff may not recover under both the FLSA and the NYLL for the same injury, but he is entitled to recover damages under the statute that provides him the greatest relief. *See Echevarria v. ABC Corp.*, No. 21-CV-04959 (JS) (ARL), 2024 WL 1639934, at *4 (E.D.N.Y. Apr. 16, 2024); *Ramos v. Guaba Deli Grocery*

---

[3] Plaintiff asserts claims under both the NYLL and the FLSA. The statute of limitations under the NYLL is six years. *See* N.Y. Lab. Law § 663(3). This action was filed on June 17, 2025. The earliest date for which Plaintiffs are seeking damages is June 17, 2019 (*see* Damages Chart, Ex. D to Cabrera Aff., ECF No. 29-7, at PDF p. 1), which is within the statutory period.

*Corp.*, No. 20-CV-04904 (PAE) (JLC), 2021 WL 5563714, at *11 (S.D.N.Y. Nov. 29, 2021) (quoting *Vasquez v. NS Luxury Limousine Serv., Ltd.*, No. 18-CV-10219 (AJN), 2021 WL 1226567, at *14 (S.D.N.Y. Mar. 31, 2021)); *Angamarca*, 2012 WL 3578781, at *4. Here, New York's minimum wage during the relevant period was greater than the minimum wage under federal law, which was $7.25. *See* 29 U.S.C. § 206(a)(1)(C). The relevant minimum wage in New York under the NYLL was $13.50 (2019) and $15.00 (2020 through 2023) and $16.00 (2024). *See* N.Y. Lab. Law § 652. Thus, the New York minimum wage will be applied.

Where an employee receives a straight weekly salary, there is a rebuttable presumption under the FLSA that their salary covers 40 hours worked. *See Cabrera v. N.Y. Fresh Meat Inc.*, No. 15-CV-01325 (GBD) (SDA), 2018 WL 3300647, at *6 (S.D.N.Y. Mar. 29, 2018), *report & recommendation adopted*, 2018 WL 2192187 (S.D.N.Y. May 14, 2018). Similarly, "[u]nder the NYLL, the Court divides the pay the plaintiff in question actually received by the lesser of 40 hours or the actual number of hours he worked during the work week." *Hernandez v. JRPAC Inc.*, 14-CV-04176 (PAE), 2016 WL 3248493, at *32 (S.D.N.Y. June 9, 2016) (citation omitted).

Plaintiff submitted to the Court calculations of the amounts of minimum wages that she contends are due to her. (*See* Damages Chart.) The Court finds the calculations set forth by the Plaintiff to be sound.

### B.      Overtime Compensation

Plaintiff seeks damages for unpaid overtime compensation under the FLSA and NYLL. (Pl.'s 12/9/25 Mem. at 4-5.) To recover damages under both the FLSA and the NYLL for unpaid overtime wage, a plaintiff must allege that she "worked hours for which she did not receive . . . overtime wages." *Tackie v. Keff Enterprises LLC*, No. 14-CV-02074 (JPO), 2014 WL 4626229, at *2

(S.D.N.Y. Sept. 16, 2014) (citation omitted). Under the FLSA, employees must be paid one-and-one-half times their regular rate for each hour worked over forty (40) hours in a week. *See* 29 U.S.C. § 207(a)(1). New York's rules on overtime explicitly incorporate those of the FLSA and thus require pay at one-and-one-half times the regular rate for each hour over forty (40) hours worked in a week. *See* 12 N.Y.C.R.R. § 142-2.2. In cases where the regular rate is less than minimum wage, overtime is calculated by multiplying the statutory minimum wage by 1.5. *See Baltierra v. Advantage Pest Control Co.*, No. 14-CV-05917 (AJP), 2015 WL 5474093, at *5 (S.D.N.Y. Sept. 18, 2015).

Plaintiff submitted to the Court calculations of the amounts of overtime compensation that she contends are due to her. (*See* Damages Chart.) The Court finds the calculations set forth by the Plaintiff to be sound.

Accordingly, Plaintiff is entitled to the sum of $119,479.00 in damages for unpaid minimum wages and overtime compensation. (*See* Damages Chart at PDF p. 6.)

## II.     Liquidated Damages

Plaintiff seeks liquidated damages for her unpaid wage claims. (Pl.'s 12/9/25 Mem. at 7-8.) A plaintiff may recover liquidated damages in a sum certain under both the FLSA and the NYLL, but not both. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a); *see also Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018) ("We therefore interpret the NYLL and FLSA as not allowing duplicative liquidated damages for the same course of conduct.").

Under the NYLL, Plaintiffs are entitled to liquidated damages since Defendants' wage violations were "willful."[4] N.Y. Lab. Law §§ 198(1-a), 663(1). Section § 663(1) of the NYLL provides that Plaintiffs are entitled to "liquidated damages equal to one hundred percent of the total of such underpayments found to be due." *Id.* § 663(1). Plaintiffs are entitled to liquidated damages on the total amounts of unpaid minimum wages and overtime compensation under the NYLL in an amount equaling 100% of the total amount due. Thus, the Court finds that Plaintiff is entitled to liquidated damages under the NYLL equal to $119,479.00.

### III.    Damages For Failure To Provide Notices And Wage Statements Under NYLL

Plaintiff seeks to recover statutory damages of $10,000.00 under the New York Wage Theft Prevention Act. (*See* Ramos Decl. ¶¶ 24-25; *see also* Damages Chart at PDF p. 6.) The Wage Theft Prevention Act requires employers to provide annual wage notices to employees hired after April 9, 2011, and to provide each employee with accurate wage statements each time wages are paid. *See* N.Y. Lab. Law §§ 195(1)(a), 195(3). Section 195(1) requires an employer to provide employees a notice at the time of hiring containing, among other things, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; [and] allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances . . .." *Id.* § 195(1)(a). Section 195(3) requires that employers provide employees with certain wage statement information "with every payment of wages." *Id.* § 195(3). An employer's failure to comply with either section of the law makes them liable for damages for each instance that the violations occurred or continued to occur. *See id.* § 198(1-b) (stating that damages for

---

[4] Since Defendants defaulted, they have made no showing of good faith to merit denying liquidated damages. *See Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-cv-10234 (JGK) (JLC), 2016 WL 4704917, at *15 (Sept. 8, 2016), *report and recommendation adopted*, 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016).

wage notice violations under § 195(1) accumulate at rate of $50 per day, but not to exceed $5,000); *Id.* § 198(1-d) (stating that damages for wage statement violations under § 195(3) accumulate at rate of $50 per day but may not exceed $5,000).

Plaintiff has established that Defendants failed to comply with § 195(1)(a) and § 195(3) of the NYLL.[5] Accordingly, Plaintiff is entitled to recover $10,000.00 for violations of the WTPA.

IV.    **Pre-Judgment Interest**

Plaintiff seeks pre-judgment interest on her NYLL claims. (*See* Cabrera Aff. ¶ 10.) A plaintiff is entitled under New York law to pre-judgment interest at the statutory rate of nine percent (9%) per year. *See* N.Y. C.P.L.R. § 5001 (providing for interest to verdict, report or decision); N.Y. C.P.L.R. § 5004(a) (providing for interest rate of 9% per annum). Pre-judgment interest applies only to the amount of compensatory damages and excludes the amount of liquidated damages. *See Angamarca*, 2012 WL 3578781, at *9. Where unpaid wages "were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). It is respectfully recommended that pre-judgment interest be calculated by applying the statutory interest rate to the entire principal amount due under the NYLL, beginning on such an "intermediate date" and running up until and including the date judgment is entered. *See Angamarca*, 2012 WL 3578781, at *9.

---

[5] The Court finds that Plaintiff has standing to pursue her WTPA claims because she alleges in her Complaint (*see* Compl. ¶¶ 48-49) that she suffered a concrete harm in that the failure to accurately disclose her hours deprived her of information that would have triggered payment of wages calculated at the premium overtime rate. *See Ortiz v. Consol. Edison Co. of New York, Inc.*, 801 F. Supp. 3d 260, 328, 2025 WL 2717309 (S.D.N.Y. 2025)

In the present case, the Court uses the midpoint date as calculated by Plaintiffs of February 15, 2022. (*See* Proposed Form of Judg. at 2.) Therefore, pre-judgment interest shall start to run on February 15, 2022 on the sum of $119,479.00. Pre-judgment interest shall be calculated up to the date of the entry of judgment.

**V.      Post-Judgment Interest**

Plaintiff seeks an award of post-judgment interest. (*See* Compl., Prayer for Relief, ¶ e; *see also* Proposed Form of Judg. at PDF p. 2.) An award of post-judgment interest on a federal court judgment is mandatory. *See Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008).

**VI.     Penalty If Judgment Not Paid Within Ninety Days**

Plaintiff seeks an increase of fifteen percent for any unpaid amount of the judgment still pending after ninety days. (*See* Proposed Form of Judg. at PDF pp. 2-3.) The NYLL provides that, "[a]ny judgment or court order awarding remedies under this section [sections 198 and 663, as does the judgment applied for herein] shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." N.Y. Lab. Law §§ 198(4), 663(4). Accordingly, Plaintiff is entitled to this penalty language in the judgment.

**VII.    Attorney's Fees And Costs**

Under the FLSA and the NYLL, a prevailing party is entitled to recover reasonable attorney's fees and costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198, 663. Plaintiff seeks an award of attorney's fees in the amount of one-third of the default judgment, without providing any legal basis for such an award. (*See* Cabrera Aff. ¶ 10.) The Court is aware of courts in this

Circuit that have awarded attorney's fees in FLSA actions following a default judgment in the amount of one-third pursuant to a contingency agreement. *See De Jesus v. Sea Crest Diner-Rest.*, No. 17-CV-00275 (ADS) (SIL), 2018 WL 3742778, at *11 (E.D.N.Y. May 7, 2018), *report and recommendation adopted*, 2018 WL 6418893 (E.D.N.Y. Dec. 6, 2018);[6] *see also Suriel v. Cruz*, No. 20-CV-08442 (VSB) (SLC), 2022 WL 1750232, at *17 (S.D.N.Y. Jan. 10, 2022) (following *De Jesus*), *report and recommendation adopted*, 2022 WL 1751163 (S.D.N.Y. May 31, 2022). The Court respectfully disagrees with these courts. Under controlling Supreme Court law, attorney's fees based upon the "lodestar" (*i.e.*, "the product of reasonable hours times a reasonable rate") are awarded under fee-shifting statutes; "enhancement for contingency is not permitted under . . . fee-shifting statutes." *City of Burlington v. Dague*, 505 U.S. 557, 559, 567 (1992).[7] Accordingly, although the engagement letter that was entered into between Plaintiff and her counsel entitles counsel to one-third of any ultimate recovery is obtained (*see* Engagement Ltr. at 2), the Court must award fees based upon the lodestar.

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley,* 461 U.S. at 437. While a district court retains discretion to determine what constitutes a reasonable fee, "this discretion is not unfettered." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). "[W]hen a prevailing party is entitled to attorneys' fees, the district court must abide by the procedural

---

[6] The cases *De Jesus* cites for the proposition that "[a] one-third contingency fee is a commonly accepted fee in this Circuit[,]" *De Jesus*, 2018 WL 3742778, at *11, did not involve calculations of statutory attorney's fees, but involved whether the one-third retainer amount paid out of a settlement fund was reasonable.

[7] *City of Burlington* addressed a petition for attorneys' fees under the Solid Waste Disposal Act and the Clean Air Act, not the FLSA. 505 U.S. at 559. However, the Supreme Court has stated that its rulings regarding one fee-shifting statute are generally applicable to others. *See*, *e.g.*, *id*. at 562; *Hensley v. Eckerhart*, 461 U.S. 424, 430 n. 4 (1983).

requirements for calculating those fees articulated by [the Second Circuit] and the Supreme Court." *Id*. "Both [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case— creates a 'presumptively reasonable fee.'" *Id*. (citations omitted). This approach is intended to "produce[] an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (citations and emphasis omitted); *see also Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 289-90 (2d Cir. 2011) ("[A] reasonable hourly rate is what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively.") (internal quotation marks and citations omitted).

Plaintiff's billing records reflect an hourly rate of $450.00 for her attorney, Heriberto Cabrera ("Attorney Cabrera"). (*See* Pl.'s Billing Records, ECF No. 29-8, at 1-5.) Although no biographical information was submitted by Plaintiff, the Court takes judicial notice from the New York Office of Court Administration website that Attorney Cabrera was admitted to practice in 1986. The Court finds that a $450.00 hourly rate for Attorney Cabrera is reasonable. *See Varghese v. Plecosystems, Inc.*, No. 23-CV-03830 (MKV) (SN), 2026 WL 475949, at *2 (S.D.N.Y. Jan. 22, 2026) (finding $450.00 hourly rate reasonable for attorney with two decades experience), *report and recommendation adopted*, 2026 WL 475008 (S.D.N.Y. Feb. 19, 2026). Plaintiff also seeks $100.00 per hour for a paralegal, which is reasonable. *See id*.

The Court has reviewed the billing records filed by Plaintiff and finds the hours billed by Attorney Cabrera and his paralegal to be reasonable. Accordingly, the Court finds that Plaintiff is

13

entitled to recover attorney's fees in the amount of $3,325.00, as reflected in Plaintiff's billing records. (*See* Pl.'s Billing Records at PDF p. 3.)

Finally, Plaintiff seeks recovery of costs of $724.40. (*See* Cabrera Decl. ¶ 10.) An employee who prevails in a wage-and-hour action is entitled to recover costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). Recoverable costs are "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Leblanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (internal citation omitted). "[O]nly those costs that are tied to 'identifiable, out-of-pocket disbursements' are recoverable." *Valdez v. H & S Rest. Operations, Inc*., No. 14-CV-04701 (SLT) (MDG), 2016 WL 3079028, at *9 (E.D.N.Y. Mar. 29, 2016) (quoting *Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp*., No. 13-CV-03061 (JGK), 2014 WL 2624759, at *8 (S.D.N.Y. 2014)) (awarding costs to plaintiff seeking recovery of the "court filing fee, service of process fees, postage and on-line research"), *adopted by*, 2016 WL 3087053 (E.D.N.Y. May 27, 2016).

The Court takes judicial notice of Plaintiff having paid the filing fee of $405.00. In addition, Plaintiff has submitted an invoice reflecting $322.40 in service costs. (*See* Invoice, ECF No. 29-8, at PDF pp. 4-5.) Thus, Plaintiff is entitled to an award of costs in the total amount of $727.40 (as opposed to the $724.40 sought by Plaintiff).

Accordingly, the Court recommends that Plaintiff recover $3,325.00 in attorneys' fees and $727.40 in costs, for a total of $4052.40.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for a default judgment be GRANTED IN PART and DENIED IN PART and that judgment be entered in favor of Plaintiff against Defendants, awarding Plaintiff the following relief:

14

1.      Compensatory damages in the amount of $119,479.00;

2.      Liquidated damages in the amount of $119,479.00;

3.      Statutory damages under the NYLL in the amount of $10,000.00;

4.      Pre-judgment interest on the sum of $119,479.00 from February 15, 2022 up to the date of the entry of judgment;

5.      Post-judgment interest at the rate set forth in 28 U.S.C. § 1961;

6.      A fifteen-percent (15%) penalty if damages under the NYLL are not paid within ninety (90) days of judgment or the expiration of time to appeal; and

7.      Attorneys' fees and costs in the amount of $4,052.40.

No later than March 19, 2026, Plaintiff's counsel shall mail copies of this Report and Recommendation to Defendants and promptly thereafter shall file proof of service.

Dated:  New York, New York
        March 17, 2026

_____
**STEWART D. AARON**
**United States Magistrate Judge**

*              *              *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such

15

objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Rochon.

**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).