UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMELA RAMOS,

                    Plaintiff,

        -against-

SABOR TROPICAL RESTAURANT CORP.,
et al.,

                    Defendants.

Case No. 1:25-cv-05075 (JLR) (SDA)

**ORDER ADOPTING REPORT**
**AND RECOMMENDATION**

JENNIFER L. ROCHON, United States District Judge:

This motion for default judgment was referred to Magistrate Judge Aaron for a Report and Recommendation. *See* Dkt. 34. In the Report and Recommendation filed on March 17, 2026, Magistrate Judge Aaron recommended that the motion be granted in part and denied in part, and that judgment be entered in favor of Plaintiff Carmela Ramos ("Plaintiff"). *See* Dkt. 40.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however "a district court need only satisfy itself that there is no clear error on the face of the record." *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). This clearly erroneous standard also applies when a party makes only conclusory or general objections. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* Dkt. 40 at 15-16.  In addition, the Report and Recommendation expressly called the parties' attention to Rule 6 and Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  *Id.* at 16.  Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made.  Accordingly, the parties have waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law.  The Report and Recommendation examined the allegations in Plaintiff's Complaint and found that she had sufficiently pleaded that Defendants are liable for unpaid wages and other amounts due to her under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  Dkt. 40 at 5.  The Report and Recommendation correctly applied the law and determined that Plaintiff had soundly computed her entitlement to compensatory damages with respect to unpaid minimum wages, *id.* at 6-7, and unpaid overtime compensation, *id.* at 7-8; liquidated damages with respect to these unpaid wage claims, *id.* at 8-9; statutory damages with respect to Defendants' failure to provide wage notices and wage statements, *id.* at 9-10; pre- and post-judgment interest, *id.* at 10-11; and a penalty for any amount of the judgment still pending after ninety days, *id.* at 11.  As to attorney's fees and costs, the Report and Recommendation properly declined to award the requested amount of one-third of the judgment, instead applying the "lodestar" method to recommend an award based on

appropriate hours expended at a reasonable rate. *Id.* at 11-14. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

**The Court hereby ORDERS that Plaintiff's motion for default judgment is GRANTED in part and DENIED in part, that judgment be entered in favor of Plaintiff against Defendants, and that Plaintiff be awarded the following relief:**

- Compensatory damages in the amount of **$119,479.00**;

- Liquidated damages in the amount of **$119,479.00**;

- Statutory damages under the NYLL in the amount of **$10,000.00**;

- Pre-judgment interest on the sum of $119,479.00, from February 15, 2022, up to the date of this judgment at the rate of 9% per annum, and thus totaling **$44,397.09**;

- Post-judgment interest in accordance with 28 U.S.C. § 1961;

- A 15% penalty on any amount of the damages awarded herein that remains unpaid ninety days after the date of this Order; and

- Attorneys' fees and costs in the amount of **$4,052.40**.

The Clerk of Court is directed to terminate the motion at Dkt. 29 and close the case.

SO ORDERED.

Dated: April 2, 2026
New York, New York

_____
JENNIFER L. ROCHON
United States District Judge